UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:07-CR-44 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| QUENTIN ANTWON BROWN ) | |

**O R D E R**

Before the Court is the Government's Motion to Amend the Indictment (Court File No. 13). Specifically, the Government seeks to modify the statutory citation in Count One (Court File No. 2), to 21 U.S.C. § 841(b)(1)(A) instead of 21 U.S.C. § 841(b)(1)(B). This citation subjects the defendant to a higher mandatory minimum penalty, although the same advisory United States Sentencing Guidelines ("USSG") calculation. The Government also represents that the drug quantity contained in the Indictment put the defendant on notice he was being charged with an amount which would subject him to penalties under 21 U.S.C. § 841(b)(1)(A), and further that this error was discussed with the defendant's counsel, who does not object to the Government's Motion to Amend. As the Government points out, "[a]n erroneous statutory citation in an indictment does not render a conviction under the correct statute to be invalid, unless there is a showing of prejudice to the defendant. *United States v. Stone*, 954 F.2d 1187, 1191 (6th Cir. 1992); *United States v. Groff*, 643 F.2d 396, 402 (6th Cir. 1981)." (Court File No. 13, p. 2.) Because the defendant was on notice and his advisory USSG calculation will be the same, there is no prejudice to him. Accordingly, the Court **GRANTS** the Government's Motion to Amend the Indictment (Court File No. 13). The Indictment is hereby **AMENDED** so Count One shall read as follows:

"The Grand Jury charges that on or about December 28, 2006, in the Eastern District of Tennessee, the defendants, QUENTIN ANTWON BROWN and ANTONOUS BORKMAN, aided and abetted by one another, did knowingly, intentionally, and without authority possess with the intent to distribute fifty (50) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Sections 2(a) and (b)."

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**